UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KIMON BAYNE,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

Respondent.

No. 25-CV-9364

ORDER

RONNIE ABRAMS, United States District Judge:

On November 7, 2025, Petitioner appearing *pro se*, filed a petition styled as a writ of habeas corpus pursuant to 28 U.S.C. Section 2241.  Dkt. No. 1 ("Pet." or "Petition").  On November 17, 2025, after the Court issued an order requiring him to show cause as to its jurisdiction, Petitioner filed a response, indicating that he is seeking a writ of mandamus under 18 U.S.C. Section 1361. Dkt. No. 7 ("Pet'r's Resp." or "Response").  Because Petitioner is *pro se*, "the Court will construe the petition liberally and assume that the petitioner seeks both writs." *Ferris v. I.N.S.*, 303 F. Supp. 2d 103, 105 n.1 (D. Conn. 2004); *c.f. Payne v. New York*, 2022 WL 3213043 (E.D.N.Y. Aug. 9, 2022) ("Although the Second Petition is styled as a petition for writ of error coram nobis, the Court will, given [Petitioner's] *pro se* status, liberally construe the Second Petition as a writ of habeas corpus.").

As Petitioner filed the Petition from custody outside of this District, Pet. at 1, the Court lacks jurisdiction over the action to the extent it seeks a writ of habeas corpus under the immediate custodian and district-of-confinement rules.  *See Khalil v. Joyce*, 771 F. Supp. 3d 268, 289 (S.D.N.Y. 2025).  The Court is thus inclined to transfer the portion of this action seeking the writ of habeas corpus to the Western District of Louisiana, while retaining the portion of this action

seeking a writ of mandamus. [1]  No later than December 16, 2025, the Government shall inform the Court of its position as to this course of action.  Petitioner shall have the opportunity to respond by January 9, 2026.  The Clerk of Court is directed to mail Petitioner a copy of this order.

 SO ORDERED.

Dated:  December 8, 2025
    New York, New York

            Ronnie Abrams
            United States District Judge

---

[1] Upon review of the Western District of Louisiana docket, Petitioner appears to have a petition for habeas corpus already pending before that district. *Bayne v. Dep't Homeland Sec.*, 25-CV1730 (W.D. La.).  However, his pending petition in that matter is far sparser than either the Petition or Response here, and it relates more to his writ of mandamus claim than his petition for a writ of habeas corpus. *Id.*, Dkt. No. 1 (W.D. La. Pet.).  Therefore, the Court declines to dismiss the writ of habeas corpus and is instead inclined to transfer it to the Western District of Louisiana.