UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| KIMON BAYNE,<br><br>            Petitioner,<br><br>      v.<br><br>DEPARTMENT OF HOMELAND SECURITY,<br><br>            Respondent. | No. 25-CV-9364<br><br>ORDER FOR APPEARANCE<br>OF PRO BONO COUNSEL |

RONNIE ABRAMS, United States District Judge:

On November 7, 2025, Petitioner appearing *pro se*, filed a petition styled as a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Dkt. No. 1.  On November 17, 2025, after the Court issued an order requiring him to show cause as to its jurisdiction, Petitioner filed a response, indicating that he is seeking a writ of mandamus under 18 U.S.C. Section 1361. Dkt. No. 7 ("Pet'r's Resp." or "Response").  Yesterday, the Court issued an order soliciting briefing from both the Government and Petitioner on whether it should transfer all or part of this case.  The Court now appoints *pro bono* counsel to assist Petitioner.

In deciding to appoint *pro bono* counsel, the Court has considered the factors set forth in *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986), which include: "(1) whether the party's claim has substantial merit; (2) whether the nature of the factual issues requires an investigation, and whether the party's ability to investigate is inhibited; (3) whether the claim's factual issues turn on credibility, which benefits from the skills of those trained in presentation of evidence and cross examination; (4) the party's overall ability to present its case; and (5) whether the legal issues presented are complex." *Garcia v. USICE (Dept. of Homeland Sec.)*, 669 F.3d 91, 98-99 (2d Cir. 2011).

The Court finds that the *Hodge* factors weigh in favor of seeking *pro bono* counsel for Petitioner. In particular, the location of Petitioner's detention, both currently and at the time the petition was filed, presents complex jurisdictional and other legal questions. Indeed, the Court's recent order requires a response from Petitioner as to those complex questions. *See* Dkt. No. 8. Moreover, Petitioner's abilities to present his case and conduct any related fact investigation are significantly limited due to his incarceration and the emergency nature of his petition. Thus, in this case, representation would "lead to a quicker and more just result by sharpening the issues[.]" *Hodge*, 802 F.2d at 61.

Accordingly, the Court directs the Clerk of Court to attempt to locate *pro bono* counsel to represent Petitioner in this case. To be clear, the Court does not have the authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant *pro bono*. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301 (1989). There is no guarantee that a volunteer attorney will decide to take the case or that, should the services of the volunteer be declined, the court will locate another. In either instance, Petitioner should be prepared to proceed with the case *pro se*. If an attorney volunteers, the attorney will contact Petitioner directly.

If Petitioner has already successfully secured counsel on his own, or otherwise does not wish the Court to seek volunteers for *pro bono* counsel, he should inform the Court as soon as possible.

The Court has established a Pro Bono Fund to encourage greater attorney representation of pro se litigants. *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

For the foregoing reasons, the Court directs the Clerk of Court to attempt to locate *pro bono* counsel to represent Petitioner in this case.

2

The Clerk of Court is further directed to send by regular mail a copy of this order to the Petitioner at the address listed on the docket sheet for this action.

SO ORDERED.

Dated:      December 9, 2025
            New York, New York

Ronnie Abrams
United States District Judge

3